when, without objection, the cause was fixed for trial on the fourth day thereof. The plaintiff's counsel contended, that by article 897 of the Code of Practice, he had a right to file his assignment of errors at any time within ten days after the record is brought up. There is no doubt of his right to do so, if the cause has not been fixed for trial in the meantime; but if a party agrees directly or tacitly to a day being assigned for trial before the expiration of the ten days, then he must file his assignment of errors in time to give the appellee's counsel an opportunity of seeing them, and knowing what he has to contend against; and we think, at least one day ought to be allowed for that purpose. In this case the plaintiff had gone to trial, and it was certainly too late to change the issues between the parties; we therefore overrule the motion to file the assignment of errors.

Upon the question of dismissal, we see no distinction between this case and that of *Roberts* v. *Benton*, just decided, *ante* p. 100.

The appeal is therefore dismissed with costs.

---

SQUIRE W. McCLURE and another, Executors, *v.* GEORGE W. COPLEY and another.

Ir 133
114 445

The purchaser of a slave who has given his note for the price, and afterwards sold to a third person who binds himself to pay the note due to the original vendor, when sued by the latter will be entitled to a delay to cite such third person in warranty.

APPEAL from the District Court of the parish of Ouachita, *King*, J. McClure and one James D. Fenner sue as executors of the will of Samuel D. Brown, deceased, for the amount of a promissory note of George W. Copley and George Jessup.

*McGuire*, for the plaintiffs, contended that arts. 379—382, of the Code of Practice, give the defendant no right to time to call his vendee in warranty; that he would be entitled to such delay only in case of privity between the plaintiff and such second vendee. 1 La., 37. 8 Ib., 37. *Merlin Rep.*, verbo Garantie simple.

*Copley*, *propria persona*, for the appellants. Where a third

person has assumed to pay a debt due by defendant to plaintiff, the former is entitled to the necessary delay to cite such third person in warranty. Code of Pr., 378, 379, 423. 6 Martin, N. S., 391, 458. 7 Ib., 331. 14 La., 498.

GARLAND, J. The defendants are appellants from a judgment rendered against them for the price of a slave purchased by Copley at the probate sale of the estate of Samuel D. Brown, deceased, for which he and his co-defendant gave their promissory note. Sometime after, Copley sold the slave to one Peck, who expressly covenanted and agreed to pay the note of defendants to Brown's estate, and in all things in relation to said note to save them harmless. In the court below, the defendants in their answer set forth all the facts, and attach to it a copy of the sale to Peck, and call upon him to defend them, and asked the legal delay to have their warrantor cited. This was objected to by the plaintiff's counsel, and the court overruled the motion, and the defendants excepted. This is the only point in the case, and we think the court erred in not granting the delay. The articles 379, 380, 381 of the Code of Practice seem too clear and imperative to admit of doubt as to their construction. In the case of *Anselm* v. *Wilson*, 8 La., 37, it was held that as there was no privity between the plaintiffs and Erwin, who was to reimburse the note to defendant, that delay would not be accorded to call him in. The agreement in that case was not that Erwin would pay the plaintiff the defendant's debt, but that in case she had to pay it, he (Erwin) would reimburse her. The contingency was not to operate on Erwin, until it was known whether the defendant had to pay. The court in that case went as far as it well could to avoid the effect of a positive law, which, in its operation in the country, is calculated to produce delay in the collection of debts, and considerable embarrassment to creditors. We are bound to execute the law in all cases, however hard its operation may be, when it appears that its provisions are not seized upon to evade the administration of justice, and the collection of just debts. In this case we see nothing in the conduct of the defendants at all suspicious.

The judgment of the district court is therefore reversed, and this case remanded to the district court, with directions to permit the defendants to call Alexander D. Peck in warranty, and other-

wise to be proceeded in according to law; the plaintiffs paying the costs of this appeal.

| 1 r 135|
| 50  733|

GEORGE CURRIE DUNCAN v. LUCIUS W. ELAM.

Where one who has sold a tract of land and slaves, and received in payment from his vendee notes secured by mortgage on the property, takes back the land and gives up the notes with the exception of one equal to the value of certain slaves retained by his vendee, which he endorses; on an application by the holder for an order of seizure and sale *held*, that the vendor being personally liable for the debt, cannot be considered as a third possessor, and entitled to the notice required by the Code of Practice, art. 69. A third possessor is one, who not being liable for the debt, has the privilege of discharging himself by abandoning the mortgaged premises.

Where on an application for an order of seizure and sale, the act of mortgage is annexed to the petition, which concludes with a prayer that the slaves mortgaged may be seized and sold, all the slaves mentioned in the mortgage may be included in the order of sale, though a part of them are not named in the petition.

On an application for an order of seizure and sale by the holder of a note endorsed by the defendant, and secured by mortgage on property sold by the latter to a third person by whom the note was made but subsequently reconveyed, proof of the recording of the original act of sale will not be necessary as against the defendant, he being owner and possessor of the property and personally bound for the debt.

By receiving a pledge from his debtor, a creditor incurs no obligation to grant a delay.

The endorsers of a note secured by mortgage, may, subsequently to the endorsement, execute an authentic act recognizing such endorsement, and an authentic subrogation of the mortgage to secure its payment.

APPEAL from the District Court for the parish of Catahoula, *Wilson*, J.

*Brent* and *Ogden*, for the plaintiff.

*Mayo*, for the defendant and appellant, contended that the judgment should be reversed. 1. There is no evidence of ten days notice to the defendant, who is a third possessor, after the expiration of thirty days demand from the debtor. Code of Pr., 69. 6 Martin, N. S. 310. 4 La., 323–4. 2. The order of seizure and sale extends to two slaves not mentioned in the petition. 3. There is no allegation in the petition that the act of sale from Elam to Cuny and Taylor was recorded; without such allegation evidence